[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12194
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

Agency No. A036-889-010

RODNEY DESMOND TELEMAQUE,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 28, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Rodney Desmond Telemaque, a national and citizen of the United Kingdom, seeks review of the decision of the Board of Immigration Appeals (BIA) which affirmed the Immigration Judge's (IJ's) order of removal. Telemaque asserts because he detrimentally relied on the continued availability of INA § 212(c), the IJ's[1] application of the subsequent repeal of the provision by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) is impermissibly retroactive.

We review the IJ's statutory interpretation *de novo*. *Ferguson v. U.S. Att'y Gen.*, 563 F.3d 1254, 1269 n.25 (11th Cir. 2009). The IJ's determination is owed no deference when it involves the retroactive application of a statute. *Id.*

The former provisions of INA § 212(c) provided:

Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

---

[1] The BIA's decision is the agency's final judgment subject to appellate court review, except to the extent it expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA expressly adopted and affirmed the IJ's decision with no additional analysis, so we review the IJ's decision as the final agency determination.

8 U.S.C. § 1182(c) (1994).

IIRIRA took effect on April 1, 1997. Pub. L. No. 104-208, 110 Stat. 3009-625. IIRIRA repealed § 212(c) and ended the availability of relief under its terms. Pub. L. No. 104-208, 110 Stat. 3009-597. IIRIRA's repeal of INA § 212(c) did not apply to aliens who were in exclusion or deportation proceedings prior to the statute's effective date. Pub. L. No. 104-208, 110 Stat. 3009-625-26.

In *INS v. St. Cyr*, 121 S. Ct. 2271 (2001), the Supreme Court considered the effect of § 212(c)'s repeal on an alien who entered a guilty plea to an aggravated felony prior to IIRIRA's effective date, and concluded:

> We find nothing in IIRIRA unmistakably indicating that Congress considered the question whether to apply its repeal of § 212(c) retroactively to such aliens. We therefore hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.

*Id.* at 2293.

We recently considered and applied *St. Cyr* in the context of an alien seeking § 212(c) relief after a trial conviction for a drug trafficking felony. *Ferguson*, 563 F.3d at 1259-71. In *Ferguson*, an alien who was convicted of a felony after trial sought to "extend *St. Cyr* outside of the guilty plea context." *Id.* at 1263. We held "reliance is a core component of *St. Cyr's* retroactivity analysis as it applies to

3

aliens challenging the application of IIRIRA's repeal of § 212(c)." *Id.* at 1269-70. Because she did not enter a guilty plea and did not point to other actions that constituted a detrimental change in her position in reliance on continued eligibility for § 212(c) relief, we found the petitioner in *Ferguson* could not avail herself of the repealed statute's provisions. *Id.* at 1271. We joined the majority of circuits and held *St. Cyr* does not does not apply–and § 212(c) relief is unavailable–to aliens who were convicted after a trial, "because such aliens' decisions to go to trial do not satisfy *St. Cyr*'s reliance requirement." *Id.*

Telemaque has advanced no legal argument and proffered no facts taking his case beyond the purview of *Ferguson*. Telemaque pursued the opportunity to contest his criminal charges and did not plead guilty to the trafficking offense; thus, he cannot demonstrate he detrimentally changed his position in reliance on continued availability of a § 212(c) waiver of inadmissibility. Such detrimental reliance is a critical element of any claim for § 212(c) relief based on an alleged impermissible retroactive application of IIRIRA. We deny his petition for review.

**PETITION DENIED.**

4